SEDGWICK, DETERT, MORAN & ARNOLD LLP
WAYNE A. WOLFF (Bar No. 161351)
JOHN G. GHERINI (Bar No. 220981)
One Embarcadero Center, 16th Floor
San Francisco, California 94111-3628
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant
MEDTRONIC, INC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHI MIN TONG, HONG JIE RUAN and HONG WEI RUAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDTRONIC, INC.,<br><br>　　　　Defendant. | CASE NO. C-05-1075 MMC<br><br>**STIPULATION AND PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, ZHI MIN TONG, HONG JIE RUAN and HONG WEI RUAN (hereinafter "Plaintiffs"), and defendant MEDTRONIC, INC. (hereinafter "Medtronic"), and their undersigned counsel, as follows:

1. All materials and copies, transcriptions, or other reproductions of materials (hereinafter "The Materials") produced in this action pursuant to the discovery provisions of the Federal Rules of Civil Procedure, or by order of this Court, or otherwise, and which contain, describe, identify or refer to information of a confidential or proprietary nature, shall be stamped by Medtronic "CONFIDENTIAL" and shall be subject to the provisions of this Stipulation and Protective Order.

2. Counsel for a party to this action may challenge the "CONFIDENTIAL" designation by Medtronic of any of The Materials.

2.1     With respect to portions of The Materials which document or describe design, manufacturing, testing, quality assurance, quality control and returned product procedures (and identified in a cover letter as produced as such and pursuant to trade secret privilege), plaintiffs may challenge the "CONFIDENTIAL" designation by making written application to this Court within twenty-one (21) days of receiving the Materials. Such application shall describe with specificity the particular materials for which the designation is being challenged and set forth with specificity any and all grounds for the challenge.

2.2     With respect to any other portions of The Materials, plaintiffs may challenge the "CONFIDENTIAL" designation by Medtronic by informing counsel for Medtronic in writing within twenty-one (21) days of receiving The Materials. Medtronic will then have twenty-one (21) days from the date of that notice to make written application to the Court to affirm the designation. Said application shall describe with specificity the particular materials for which the designation is being challenged and set forth with specificity any and all grounds for the "CONFIDENTIAL" designation.

2.3     For all challenges made pursuant to 2.1 or 2.2 above, The Materials designated "CONFIDENTIAL" shall continue to be treated as such and subject to the provisions of this Stipulation and Protective Order pending determination by the Court of the merits of such a challenge.

3.     The Materials designated "CONFIDENTIAL" shall be used for purposes of this action only and for no other purpose and shall not, without leave of this Court, be disclosed to any person or entity other than this Court (under seal) and the parties to this action and their counsel, each of whom shall have executed a copy of this Stipulation and Protective Order prior to their receipt of The Materials.

4.     The disclosure by counsel for a party to this action of The Materials to paralegals and clerical staff employed by the disclosing counsel's office, or to experts retained by the disclosing counsel shall not constitute a violation of, or a waiver of the protections afforded by this Stipulation and Protective Order so long as the person to whom disclosure is made has executed an Affidavit in the form attached hereto as Exhibit A.

5. In the event The Materials themselves, or the contents of The Materials designated "CONFIDENTIAL" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in paragraphs 4 and 5 above, the deponent shall be required to acknowledge on the record, before any identification, discussion or disclosure of The Materials occurs that he or she has been advised of and has agreed to be bound by the terms of this Stipulation and Protective Order.

6. All portions of any deposition transcript taken in this action wherein The Materials themselves, or the contents of The Materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, shall also be designated as "CONFIDENTIAL" and shall be subject to the terms of this Stipulation and Protective Order.

7. In the event that counsel for a party wishes to identify, discuss, or disclose The Materials or the contents of The Materials designated "CONFIDENTIAL" during the course of pre-trial or trial proceedings, he or she shall, prior to each identification, discussion, or disclosure make reference to the confidential nature thereof to the Court and to counsel for Medtronic; and counsel for Medtronic may at that time, or after such identification, discussion, or disclosure, request that The Materials or the contents of the Materials designated "CONFIDENTIAL" be filed under seal with this Court and be subject to the terms of this Stipulation and Protective Order.

8. In the event The Materials designated as "CONFIDENTIAL" or transcripts or other things wherein The Materials or the contents of The Materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, are filed electronically or otherwise or are otherwise deposited with the Clerk of this Court, such materials shall be filed or deposited in a sealed envelope bearing the following designation:

> **"CONFIDENTIAL: THE CONTENTS OF THIS ENVELOPE ARE NOT TO BE SCANNED AND ARE SUBJECT TO A PROTECTIVE ORDER OF THIS COURT AND SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN A JUDGE OF THIS COURT OR AN ATTORNEY IN THIS CASE."**



9. Counsel for a party shall not, in the presence of the jury, comment on the reasons or motivation for designating The Materials as "CONFIDENTIAL" without first having obtained permission of the Court to do so.

10. This Stipulation and Protective Order shall be binding throughout and after final adjudication of this action, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs.

11. Within thirty (30) days after final adjudication of this action, the Clerk of Court shall return under seal to counsel for Medtronic all materials designated "CONFIDENTIAL" including, without limitation, all transcripts or other things which were subject to the provisions of this Stipulation and Protective Order, and within thirty (30) days after final adjudication of this action, counsel then having possession, custody or control of such materials, transcripts, or other things designated "CONFIDENTIAL" shall verify the complete destruction or return to counsel for Medtronic of all such materials by executing and mailing to counsel for Medtronic an Affidavit in the form attached hereto as Exhibit B.

12. Nothing in this Stipulation and Protective Order shall be construed to preclude Medtronic from seeking additional protection for The Materials or the contents of The Materials designated as "CONFIDENTIAL" or from otherwise seeking a modification of this Stipulation and Protective Order.

13. Notwithstanding the date upon which the Court entered this Stipulation and Protective Order, this Stipulation and Protective Order shall become effective and binding upon each of the parties to this action, and each of their undersigned counsel, on the date each party and each counsel execute same.

14. Nothing in this Stipulation and Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

15. This Stipulation and Protective Order may be executed in one or more counterparts in which case all executed counterparts and each of them shall be deemed to be one

and the same instrument. A complete set of original executed counterparts shall be filed with this Court.

16. Each of the parties to this action and each of their undersigned counsel acknowledge that they have executed this Stipulation and Protective Order voluntarily and that the terms and provisions of this Stipulation and Protective Order have been read and understood by them.

## STIPULATION

IT IS SO STIPULATED.

WALKUP MELODIA KELLY WECHT & SCHOENBERGER

Dated: 2/23/06     By _____
                        Khaldoun A. Baghdadi
                        ATTORNEYS FOR PLAINTIFFS


SEDGWICK, DETERT, MORAN & ARNOLD LLP

Dated: 2/1/06     By _____
                        Wayne A. Wolff
                        ATTORNEYS FOR DEFENDANT MEDTRONIC


## ORDER

Having considered the foregoing stipulation of the parties, and good cause appearing therefore, IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE

-5-     CASE NO. C-05-1075 MMC
PROTECTIVE ORDER

# EXHIBIT A

## AFFIDAVIT OF ______________

STATE OF ________________)
)
COUNTY OF ______________)

Before me, the undersigned Notary Public, in and for said County and State, personally appeared ____________________________, who after first being duly sworn, states as follows:

1. My name is ______________________. I am over the age of 18 years and am a resident of __________________ County, _________________. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I am aware that a Protective Order has been entered in *Tong v. Medtronic, Inc.*, Action No. C-05-1075 MMC. A copy of that Protective Order has been shown to me, and I have read and understand its contents.

3. By signing this Affidavit, I promise that I will use the materials and contents of the materials designated "confidential" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of the action and for no other purpose.

4. By signing this Affidavit, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "confidential" pursuant to the above-described Protective order with, to, or for the any person or entity other than the Northern District Court of California, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an affidavit in the same form as this Affidavit.

5. By signing this Affidavit, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "confidential" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by

1 counsel for a party to the above-described civil action, in which case all such copies,
2 transcriptions, or reproductions shall be made solely for my own use in connection with my work
3 in the above matter. I further promise at the conclusion of this case to deliver upon request <u>all</u>
4 materials (originals and copies) designated "confidential" to the counsel who originally directed
5 that said materials be provided to me.

6     6.     I understand that, by signing this Affidavit, I am agreeing to subject myself to the
7 jurisdiction of this court.

8     7.     I understand that any use or distribution of the materials or contents of the
9 materials designated "confidential" pursuant to the above-described Protective order in any
10 manner contrary to the provisions of the protective order will subject me, among other things, to
11 the summary sanctions of this Court for contempt.

12     Further Affiant sayeth not.

13
14                                         Affiant
15
16 Subscribed and sworn to before me,
17 this ____ day of _____, 2005.
18
19 _____
20 Notary Public

# EXHIBIT B

**AFFIDAVIT OF** _____

STATE OF _____ )
                            )
COUNTY OF _____ )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared _____, Esq., who after first being duly sworn, states as follows:

1. My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I have requested and received from _____ all of the materials, transcripts, and other things described in the Protective Order which was entered by the Court in *Tong v. Medtronic, Inc.*, Civil Action No. C-05-1075 MMC.

3. I have either destroyed or have attached hereto all of the materials, transcripts, and other things, including those materials which were returned to me by _____ in accordance with the preceding paragraph, described in the Protective Order which was entered by the Court in *Tong v. Medtronic, Inc.*, Civil Action No. C-05-1075 MMC.

Further Affiant sayeth not.

_____
Affiant

Subscribed and sworn to before me,

this \_\_\_\_ day of _____, 2005.

_____
Notary Public.