LAW OFFICES OF
**WALKUP, MELODIA, KELLY, WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
(415) 981-7210

MICHAEL A. KELLY (State Bar #71460)
KHALDOUN A. BAGHDADI (State Bar #190111)
**ATTORNEYS FOR PLAINTIFFS**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHI MIN TONG, HONG JIE RUAN and HONG WEI RUAN,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC, INC., COYNESS ENNIX, M.D., and DOES ONE through SIXTY FIVE, inclusive,<br><br>Defendants. | Case No. CV 05-01075 MMC<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>[Wrongful Death]<br>[Products Liability]<br>[Negligence In Design and Manufacture]<br>[Failure To Warn]<br>[Medical Negligence]<br><br>**DEMAND FOR JURY TRIAL** |

**FIRST CAUSE OF ACTION**
**[Strict Products Liability]**

Come now plaintiffs and for a First Cause of Action complain of defendants Medtronic, Inc., and Does One through Fifty, and each of them, and allege as follows:

1. The true names, capacities or involvement, whether individual, corporate, governmental or associate of the defendants named herein as Doe, are unknown to plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs pray leave to amend this complaint to show their true names and capacities, when the same have been finally determined.

2. Plaintiffs are informed and believe, and upon such information and belief allege, that each of the defendants designated herein as Doe is negligently or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently or

otherwise caused injury and damages legally thereby to plaintiffs as is hereinafter alleged.

3. At all times herein mentioned, each and every of the defendants herein was the agent, servant, partner, joint venturer, employee and/or franchisee of each of the other defendants, and each was at all times acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

4. Plaintiffs Zhi Min Tong, Hong Jie Ruan and Hong Wei Ruan are respectively the surviving spouse and surviving children of Guo Qi Ruan, deceased. Guo Qi Ruan died February 11, 2004.

5. At all times herein mentioned, defendants Medtronic, Inc., and Does One through Ten, and each of them, were corporations and other businesses licensed to do and doing business within the State of California, and more particularly, within the County of Alameda. At all relevant times, said defendants were designers, manufacturers and distributors of medical instruments and other devices utilized for the replacement of malfunctioning native or prosthetic aortic or mitral heart valves, including but not limited to the device known as the Mosaic Bioprosthetic Medtronic Heart Valve Number 21 (hereinafter Heart Valve Number 21).

6. At all times herein mentioned, the defendants, and each of them, designed, manufactured, sold, marketed and distributed a certain Heart Valve Number 21 for use in treating patients in the County of Alameda.

7. At all times herein mentioned, the defendants Medtronic, Inc., and Does One through Twenty, and each of them, designed, manufactured, marketed and sold the above-described Heart Valve Number 21 such that the product was dangerous, unsafe, and defective in manufacture. Said defects included, but were not limited to, the fact that the product differed from the defendants' design and specifications, as well as other typical units of the same product line. Said defects further included, but were not limited to the fact that the product could and would cause injury, including aortic insufficiency, while being utilized to replace a malfunctioning native or prosthetic aortic or mitral heart valve, with the resulting complication of progressive congestive heart failure and ultimate death.

/ / /

2

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

FIRST AMENDED COMPLAINT FOR DAMAGES
CASE NO. CV 05-01075 MMC

8. On January 30, 2004 decedent Guo Qi Ruan underwent surgery at Summit Medical Center in the County of Alameda, and was treated by way of surgical implant of a Heart Valve Number 21.

9. By reason of the premises, and as a direct and legal result of the above-described defects in design and manufacture, decedent Guo Qi Ruan suffered aortic insufficiency and progressive congestive heart failure which resulted in his death on February 11, 2004.

10. By reason of the premises, defendants Medtronic, Inc., and Does One through Twenty, and each of them are strictly liable in tort to plaintiffs.

11. By reason of the death of Guo Qi Ruan, plaintiff Zhi Min Tong has been deprived of a kind and loving husband, and of his care, comfort, society, companionship, protection, financial support, physical and financial assistance in the maintenance and operation of the family home.

12. By reason of the premises, plaintiffs Hong Jie Ruan and Hong Wei Ruan have been deprived of a kind and loving father, and of his care, comfort, companionship, society, protection, solace, financial and emotional support.

13. By reason of the premises, plaintiffs have sustained special damages representing expenses for funeral, burial and disposition of the remains of the decedent.  The exact amount of such expenses are presently unknown to plaintiffs who therefore pray leave to insert such elements of damage when the same have been finally determined.

14. By reason of the premises, and as a direct and legal result thereof, plaintiffs have suffered and sustained general (non-economic) damages in a sum in excess of the minimum jurisdictional limits of this court.

WHEREFORE, plaintiffs pray judgment against the defendants, and each of them, as herein after set forth.

**SECOND CAUSE OF ACTION**
**[Negligence In Design And Manufacture]**

Plaintiffs complain of defendants Medtronic, Inc., and Does One through Thirty, and for a Second Cause of Action allege as follows:

3

FIRST AMENDED COMPLAINT FOR DAMAGES
CASE NO. CV 05-01075 MMC

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

15. Plaintiffs hereby refer to, reallege and incorporate by this reference as though set forth in full, each and every allegation of the First Cause of Action herein, and make them a part of this, the Second Cause of Action.

16. At all times herein mentioned, defendants, and each of them, were negligent and careless in and about their design, manufacture, testing, sale, marketing and distribution of the above-described Heart Valve Number 21.

17. As a direct and legal result of the negligence and carelessness of the defendants, and each of them, decedent Guo Qi Ruan suffered aortic insufficiency, progressive congestive heart failure and death.

18. By reason of the premises, and as a direct and legal result of the negligence and carelessness of the defendants, and each of them, plaintiffs were caused to and did suffer and sustain the injuries and damages herein-above and hereinafter set forth.

WHEREFORE, plaintiffs pray judgment against the defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION
### [Failure To Warn]

Plaintiffs complain of defendants Medtronic, Inc., and Does One through Fifty, and each of them, for a Third Cause of Action allege as follows:

19. Plaintiffs hereby refer to, reallege and incorporate by this reference as though set forth in full, each and every allegation of the Second Cause of Action herein, and make them a part of this, the Third Cause of Action, as though set forth in full.

20. The above-described Heart Valve Number 21 was defective by reason of the fact that its warnings, instructions and directions for use were inadequate.

21. Upon information and belief, plaintiffs allege that said instructions, directions and warnings, failed and omitted to properly advise of known and/or knowable risks, dangers and side effects associated with the use of the Heart Valve Number 21, including but not limited to, the propensity of the product to cause aortic insufficiency and progressive congestive heart failure. Further, such warnings and instructions as were given were inadequate to explain the means and

LAW OFFICES OF
**WALKUP, MELODIA, KELLY WECHT & SCHOENBERGER**
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

4

FIRST AMENDED COMPLAINT FOR DAMAGES
CASE NO. CV 05-01075 MMC

methods available for elimination of the risk of congestive heart failure, and, lacked appropriate warnings to be given to patients, all of which were known or reasonably scientifically knowable by the defendants at the time the device was marketed and sold.

22. At all times herein mentioned, the defendants and each of them, knew or should have known that neither the decedent nor his physicians had any knowledge, nor any reason to know or suspect, that there was a risk of injury including progressive congestive heart failure and resulting death, attending the utilization of the Heart Valve Number 21 in connection with his surgery of January 30, 2004.

23. By reason of the premises, the Heart Valve Number 21 was defective as that term is used in California law.

24. By reason of the premises, the defendants, and each of them, are strictly liable in tort to plaintiffs.

25. By reason of the premises, and as a direct and legal result of the culpability and fault of the defendants, and each of them, plaintiffs were caused to and did suffer and sustain the injuries and damages herein above and hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**[Medical Negligence- Wrongful Death]**

Plaintiffs complain of defendants Dr. Coyness Ennix, and Does Fifty Two through Sixty, and each of them, for a Fourth Cause of Action allege as follows:

26. Plaintiffs hereby refer to, reallege and incorporate by this reference as though set forth in full, each and every allegation of the First, Second and Third Causes of Action herein, and make them a part of this, the Fourth Cause of Action, as though set forth in full.

27. Plaintiffs are informed and believe, and upon such information and belief allege that at all times herein mentioned Dr. Coyness Ennix was a physician licensed to practice medicine under the laws of the State of California.

28. On and after January 30, 2004, Dr. Ennix provided medical care and treatment to decedent Guo Qui Ruan by implanting the bioprosthetic heart valve as above-described.

/ / /

29.     On and after said time and place, Dr. Ennix breached the applicable standard of care in his medical treatment of decedent.  Said breaches included, but were not limited to his failure to properly implant the device, and appropriately manage and care for the decedent after surgery.

30.     On or about March 29, 2006, plaintiffs became aware of facts leading them to conclude Dr. Ennix breached the standard of care in his surgical care of decedent when Dr. Ennix provided sworn deposition testimony concerning his medical care and treatment.

31.     By reason of the premises, plaintiffs being ignorant of the true name of a defendant, and having designated said defendant in the original complaint by a fictitious name, to wit:  Doe Fifty-One, and having discovered the true name of said defendant to be Coyness Ennix, M.D., plaintiffs hereby amend their complaint by inserting such true name in the place and stead of such fictitious name wherever it appears in said complaint.

32.     By reason of the premises, and as a direct and legal result of the culpability and fault of the defendants, and each of them, plaintiffs were caused to and did suffer and sustain the injuries and damages herein above and hereinafter set forth.

WHEREFORE, plaintiffs pray judgment against the defendants, and each of them, jointly and severally as follows:

A.     For general (non-economic) damages according to proof at the time of trial;

B.     For special (economic) damages according to proof at the time of trial;

C.     For prejudgment interest as permitted by law;

D.     For costs of suit incurred herein; and

E.     For such other and further relief as this Court may deem proper.

Dated:  May 2, 2006

WALKUP, MELODIA, KELLY,
  WECHT & SCHOENBERGER


/s/ Khaldoun A. Baghdadi
KHALDOUN A. BAGHDADI
Attorneys for Plaintiffs

/ / /

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

6

FIRST AMENDED COMPLAINT FOR DAMAGES
CASE NO. CV 05-01075 MMC

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

Dated: May 2, 2006

WALKUP, MELODIA, KELLY,
WECHT & SCHOENBERGER

/s/ Khaldoun A. Baghdadi
KHALDOUN A. BAGHDADI
Attorneys for Plaintiffs

LAW OFFICES OF
WALKUP, MELODIA, KELLY
WECHT & SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA 94108
(415) 981-7210

7

FIRST AMENDED COMPLAINT FOR DAMAGES
CASE NO. CV 05-01075 MMC